IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENEE CUFFEE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:10-cv-01748-AW |
| VERIZON COMMUNICATIONS INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>DEFENDANT VERIZON COMMUNICATIONS INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendant Verizon Communications Inc.[1] ("Defendant"), through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint. For the reasons set forth below, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

**I.   <u>STATEMENT OF THE CASE</u>**

On January 15, 2010, Plaintiff Renee Cuffee ("Plaintiff") filed a Complaint in the Circuit Court for Montgomery County. *(Docket No. 2, Complaint.)* On January 20, 2010, the Circuit Court issued a summons for Defendant. (*Circuit Court Docket, attached hereto as Exhibit 1.*) On April 5, 2010, the clerk reissued a summons for Defendant in response to a request from Plaintiff. *(Id.)* On April 16, 2010, the Circuit Court dismissed Plaintiff's Complaint without prejudice after Plaintiff failed to appear for a scheduling hearing. *(Id.)* That dismissal was

---

[1] Plaintiff's Complaint incorrectly identifies Defendant as Verizon Communications Inc. Plaintiff is an employee of Verizon Services Corp. Defendant will not oppose an amendment of the Complaint to substitute Verizon Services Corp. as the defendant in this matter. Otherwise, Defendant Verizon Communications Inc. reserves the right to assert as a defense in this matter that it was not Plaintiff's employer.

subsequently vacated after Plaintiff filed a motion for reconsideration. *(Id.)* On May 21, 2010, Plaintiff failed to appear for another scheduling hearing before the Circuit Court. *(Id.)* Despite Plaintiff's failure to appear for the scheduling hearing and there being no indication on the docket that Defendant had been served, the Circuit Court directed that a scheduling order be issued. *(Id.)* The scheduling order was mailed by the Clerk of the Circuit Court to Defendant and was received by Defendant on June 3, 2010.

On June 25, 2010, Defendant accepted service of the Summons and Complaint. *(Docket Nos. 2 and 3.)* On June 29, 2010, Defendant filed a Notice of Removal with this Court. *(Docket No 1.)*

## II.   STATEMENT OF FACTS

Plaintiff's Complaint alleges that Defendant discriminated against her on the basis of her sex in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. *(Complaint at ¶ 1.)* According to the Complaint,[2] Plaintiff was hired in or about June 1999. *(Id. at ¶ 5.)* At some point, Plaintiff became romantically involved with a male employee. *(Id. at ¶ 7.)* In December 2008, Plaintiff was transferred from Supervisor of Operations for the Virginia/West Virginia region to Supervisor of Operations for the Maryland/Washington, D.C. region. *(Id. at ¶ 8.)* As a result of the transfer, Plaintiff no longer receives the same amount of bonus money and her career path has suffered. *(Id. at ¶ 10.)* The male employee with whom Plaintiff was involved was not transferred and did not receive a reduction in pay. *(Id. at ¶ 11.)* Plaintiff claims that her transfer was made because of her sex and, thus, Defendant violated Title VII. *(Id. at ¶¶ 9 and 12.)*

---

[2] Defendant assumes the truth of the facts in Plaintiff's Complaint for purposes of this Motion only. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, 591 F.3d 250, 253 (4th Cir. 2009)

Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission on or about September 14, 2009. *(See Charge of Discrimination, attached hereto as Exhibit 2.)*[3]  In her Charge, Plaintiff alleges that on or about November 6, 2008, she got into an argument with Charles Casteel, a Director, about the pregnancy of their children. *(Id.)* Later that day, she was called in to talk with Tillman Figgs, a Security Specialist, who threatened her job status and told her not to contact Mr. Casteel again. *(Id.)* Plaintiff subsequently filed an internal EEO complaint, an investigation was conducted, and Mr. Casteel was disciplined. *(Id.)* On October 21, 2009, Plaintiff received a right-to-sue notice from the EEOC. *(Complaint ¶ 15.)*

### III.   ARGUMENT

#### A.   Standard Governing Motions to Dismiss

Under Federal Rule of Civil Procedure 8(a), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

---

[3] Defendant's reliance on Plaintiff's Charge of Discrimination does not transform this motion to dismiss into a motion for summary judgment as Plaintiff has relied upon it as a basis for her ability to bring her Complaint. *(Complaint ¶ 15.)* See Wyckoff v. State of Maryland, 522 F. Supp. 2d 730, 734 (D. Md. 2007) (citing Biospherics, Inc. v. Forbes, Inc., 989 F. Supp. 748, 749 (D. Md. 1997)).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Iqbal, 129 S. Ct. at 1950. Following Twombly and Iqbal, the Fourth Circuit in Francis v. Giacomelli noted that Rule 8 requires more than mere notice of the nature of the claim and that the aggregation of the requirements of Rules 8, 11, and 12 "reveals the countervailing policy that plaintiffs may proceed into the litigation process only when their complaints are justified by both law and fact." 588 F.3d 186, 193 (4th Cir. 2009).

It is under these standards that the sufficiency of Plaintiff's Complaint should be considered.

**B.   Plaintiff's Complaint Should be Dismissed Because She Failed to Exhaust Her Administrative Remedies.**

A plaintiff is required to exhaust her administrative remedies prior to bringing a lawsuit under Title VII. See 42 U.S.C. § 2000e-5(e)-(f); Chacko v. Patuxent Inst., 429 F.3d 505, 508-10 (4th Cir. 2005) and cases cited therein.; see also Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132-133 (4th Cir. 2002) ("The EEOC charge defines the scope of the plaintiff's right to institute a civil suit"). As the Fourth Circuit wrote in Chacko, "Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge." 429 F.3d at 509. See also Evans v. Technologies Applications & Service Co., 80 F.3d 954, 962-963 (4th Cir. 1996) (citations omitted) ("The allegations in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint.")

Here, the allegations in Plaintiff's Charge and her Complaint are entirely different. Plaintiff's Complaint asserts that her transfer from Supervisor of Operations from one region to another in December 2008 was discriminatory. *(Complaint ¶ 8.)* Plaintiff's Charge does not

even mention the transfer. *(See Exhibit 2.)* Rather, it relates to two conversations she had with coworkers. *(Id.)*

As a result, the allegations of Plaintiff's Complaint do not fall within the scope of her Charge, and Plaintiff's Complaint should be dismissed. See e.g. Chacko, 429 F.3d at 510-13 (holding that the plaintiff failed to exhaust his administrative remedies with regard to his hostile work environment claim based upon coworker national-origin epithets where the administrative charges involved three specific alleged acts of harassment not the long-term harassment the plaintiff sought to prove at trial); Taylor v. Va. Union Univ., 193 F.3d 219, 239 (4th Cir. 1999) (affirming dismissal on summary judgment of the plaintiff's sexual harassment claim because it was not sufficiently alleged in her sex discrimination claim); Evans, 80 F.3d at 963 (affirming dismissal of sexual harassment claim as it fell outside scope of charge of discrimination alleging only disparate treatment based on gender); Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 500-501 (7th Cir. 1994) (holding that employee whose complaint alleged that she was transferred to a less desirable job on account of her gender exceeded the scope of her charge of discrimination alleging that a male manager intimidated her and not male co-workers); Riley v. Technical and Mgmt Servs. Corp., Inc., 872 F. Supp. 1454, 1459 (D. Md. 1995) (granting summary judgment against the plaintiff on her sexual harassment claim because it was not included in her charge of discrimination or complaint); Nicol v. Imagematrix, Inc., 767 F. Supp. 744, 752-54 (E.D. Va. 1991) (granting summary judgment against the plaintiff on her sexual harassment and hostile work environment claims as beyond the scope of her pregnancy discrimination charge); Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995) (concluding that claims of hostile work environment on the basis of sex and national origin were not

sufficiently like or reasonably related to allegations of sex and national origin discrimination to satisfy the exhaustion requirement).

## IV.    CONCLUSION

For the foregoing reasons, Defendant Verizon Communications Inc. respectfully requests that its Motion be granted and that Plaintiff's Complaint be dismissed in its entirety with prejudice.

Respectfully submitted,

_____/s/_____
Elena D. Marcuss (Bar # 25547)
Adam H. Garner (Bar # 27648)
McGuireWoods LLP
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-4400

*Attorneys for Defendant*

\11868593.2