**IN THE CIRCUIT COURT**
**FOR MONTGOMERY COUNTY, MARYLAND**

**RENEE L. CUFFEE,** )
**7085 Water Oak Road** )
**Elkridge, Maryland 21075** )
)
**Plaintiff,** )
)
**v.** ) **Civil Action No.**
**VERIZON COMMUNICATIONS, INC.** )
**13100 Columbia Pike** )
**Silver Spring, Maryland** )
)
**Defendant.** )
)

**AMENDED COMPLAINT**
**CIVIL RIGHTS**
**(JURY TRIAL DEMANDED)**

John Davis 8/20/10 6:41 PM
**Deleted:** —

I. JURISDICTION AND VENUE

1. This is an action for declaratory relief, injunctive relief, back pay, compensatory damages and other appropriate relief, legal and equitable, brought by Plaintiff Renee L. Cuffee to redress violations by the Defendant of Plaintiff's civil rights. The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, (Supp. II. 1991) (hereinafter, "Title VII"), which provides for injunctive, equitable and other relief against discrimination in employment on the basis of race, religion, sex, national origin and color, and forbids retaliation against any person who exercises his or her rights under Title VII.

2. This case also states a claim under the Maryland Human Relations Act, codified as Maryland State Government Article, Section 2-601, et seq., which provides for equitable and other relief against discrimination in employment on the basis of race,

religion, sex, national origin and forbids retaliation against any person who exercises his or her rights under this provision of the Annotated Code of Maryland.

3. Venue lies with this Court as the unlawful employment practices alleged herein were committed in the state of Maryland.

John Davis 8/20/10 6:41 PM
**Deleted:** 2

John Davis 8/20/10 6:42 PM
**Deleted:** Montgomery County,

II. PARTIES

4. Plaintiff, Renee L. Cuffee, is a female citizen of the United States of America and a resident of the State of Maryland.

John Davis 8/20/10 6:42 PM
**Deleted:** 3

5. Defendant Verizon Communications is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and at all times relevant to this Complaint, Defendant Verizon Communications maintained offices in Montgomery County, Maryland.

John Davis 8/20/10 6:43 PM
**Deleted:** 4

III. STATEMENT OF FACTS

6. On or about, June 1999 plaintiff was originally hired as a Consultant by Defendant Verizon.

John Davis 8/20/10 6:43 PM
**Deleted:** 5

John Davis 8/20/10 6:43 PM
**Deleted:** At all other relevant times stated herein, plaintiff was employed by Verizon.

7. During her employment by Verizon, plaintiff was evaluated on her performance and either met or exceeded her position requirements during all of the applicable performance appraisal periods.

John Davis 8/20/10 6:43 PM
**Deleted:** 6

8. During the course of her employment, Plaintiff received a series of promotions and upgrades until by 2007, Plaintiff was a Supervisor of Operations with Verizon.

9. Plaintiff was the lead sales consultant with one of Verizon's programs known as Sell One More.

10. Tyrone Stephenson was the Vice-President of Operations for Defendant Verizon.

11. Stephenson, a male, was the highest level executive in Plaintiff's region/division.

12. From approximately April 2008 until September 2008, Plaintiff was subjected to a series of sexually harassing advances from Tyrone Stephenson.

13. Plaintiff continually rejected Stephenson's advances.

14. In approximately May 2008, Plaintiff contacted Tillmon Figgs, a security investigator with Verizon, for assistance in dealing with the unwelcome sexual advances she was receiving from Stephenson.

15. Plaintiff Cuffee informed Tillmon Figgs of the litany of advances that Stephenson had made towards her, and Ms. Cuffee also provided Figgs with copies of sexual advances Stephenson had put into writing.

16. In June 2008, Figgs told Ms. Cuffee that he had reported Stephenson's sexual harassment to the Verizon EEO office.

17. Figgs told Ms. Cuffee to let him handle matters, and he would insure that Stephenson would no longer sexually harass Ms. Cuffee.

18. In late August 2008, Ms. Cuffee learned from her immediate supervisor (Debbie Bennett) that Ms. Cuffee had been removed from being the lead sales consultant on the Sell One More campaign under Ty Stephenson.

19. Debbie Bennett informed Ms. Cuffee that she herself had been unaware of the change, and had not been consulted about the change.

20. Ms. Cuffee's removal from being the lead sales consultant on the Sell One More campaign effectively defeated Ms. Cuffee's chances for promotion to Senior Sales Consultant.

21. Ms. Bennett told Ms. Cuffee that Ms. Cuffee would no longer be involved in

sales, but would be involved in administrative support, which also meant that Ms. Cuffee would no longer be eligible for a sales bonus.

22. Ms. Cuffee's denial of a sales bonus caused her to lose approximately $10,000.00 annually in bonuses.

23. During the tenure of plaintiff's employment by Verizon, plaintiff became romantically involved with a male employee for Defendant Verizon.

John Davis 8/20/10 6:45 PM
**Deleted:** 7

24. In early September 2008, Plaintiff learned that she was pregnant by Casteel.

25. In an effort to keep their liaison a secret, Casteel, who is an executive with Defendant Verizon, tried to convince Plaintiff to abort the pregnancy.

26. When Plaintiff sought medical advice about the abortion, she was told that she was pregnant with twins, and the doctor advised Plaintiff that the operation to abort twins could be very hazardous to Plaintiff's health, especially given Plaintiff's medical history.

27. When Plaintiff told Casteel that her physician had advised against having an abortion, Casteel nevertheless insisted that Plaintiff obtain the abortion.

28. Plaintiff talked to another medical professional about her pregnancy, and was again told that having an abortion was a very serious risk to Plaintiff's health because of Plaintiff's propensity to hemorrhage.

29. Plaintiff advised Casteel that she had received a second medical opinion, and that opinion concurred with the first—that having an abortion could seriously endanger Plaintiff's health.

30. After Casteel learned that Plaintiff was not going to have an abortion, Casteel began a campaign of harassment towards Plaintiff.

31. Casteel had his friend, Tillmon Figgs, call Plaintiff and threaten Plaintiff.

32. Figgs, a male, is a security investigator for Defendant Verizon.

33. In November 2008, Figgs called Plaintiff to his office, and threatened to have Plaintiff terminated if Plaintiff ever attempted to contact Casteel again.

34. Plaintiff explained to Figgs that she was pregnant by Casteel, and it was necessary for her to communicate with Casteel to deal with the issues surrounding her pregnancy.

35. Figgs told her that her pregnancy was irrelevant, and that if Plaintiff ever called Casteel again, Figgs was certain Plaintiff would be terminated.

36. Figgs repeated several times to Plaintiff that if she wanted to keep her job, that she should never attempt to contact Casteel again.

37. Figgs also told Plaintiff not to contact Verizon's EEO office.

38. Shortly thereafter, still in November 2008, Plaintiff learned that it was improper for Tillmon Figgs to have met with Plaintiff, and to threaten her with termination.

39. In December 2008, Plaintiff found out at a social event that she was being involuntarily transferred out of her position.

40. In December 2008, Defendant Verizon was transferred Plaintiff from a Supervisor of Operations for the Virginia/West Virginia region to Supervisor of Operations for the Maryland/Washington, D.C. region.

John Davis 8/20/10 6:47 PM
**Deleted:** 8

John Davis 8/20/10 6:48 PM
**Deleted:** plaintiff

41. Plaintiff avers that her transfer was made because of her gender and because of her protected activity of complaining about being subjected to a hostile environment by Stephenson, Casteel and Figgs.

John Davis 8/20/10 6:50 PM
**Deleted:** 9

John Davis 8/20/10 6:49 PM
**Deleted:** .

42. As a result of the transfer to the new position, Plaintiff has suffered a reduction in pay, because she no longer receives the same amount of bonus money as before, and Plaintiff's career path has suffered, because in her new position she does not have the

John Davis 8/20/10 6:50 PM
**Deleted:** 10

same opportunities to travel, nor the same opportunities for promotion and advancement as in her previous position.

43. In early 2009, Plaintiff notified Verizon's EEO office about the harassment she had received from Casteel and Figgs, and also discussed the sexual harassment situation involving Ty Stephenson.

44. Upon information and belief, Charles Casteel was not forced to take a reduction in pay or grade.

45. Upon information and belief, no disciplinary action was taken against Tillmon Figgs for his improper conduct of harassing and intimidating Plaintiff.

John Davis 8/20/10 6:52 PM
**Deleted:** 11

John Davis 8/20/10 6:52 PM
**Deleted:** the male employee with whom Plaintiff was involved

John Davis 8/20/10 6:53 PM
**Deleted:** , nor was he transferred to a lesser position.

John Davis 8/20/10 6:56 PM
**Formatted:** Bullets and Numbering

## IV. STATEMENT OF CLAIM

### A. First Cause of Action: Discrimination—Sexual Harassment

46. Plaintiff alleges and re-alleges paragraphs 6-45 above, as if restated fully and separately herein.

47. The effect of the Defendant's acts and practices as enumerated herein has been to intentionally deprive Plaintiff Renee Cuffee of rights secured to her by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., because Defendant Verizon, solely because of Plaintiff's gender, has caused Plaintiff Cuffee to be subjected to a continuing pattern of sexual harassment and an abusive and hostile environment, with the result that Plaintiff has been denied equal employment opportunities and Plaintiff has been caused to suffer mental anguish and emotional distress.

48. By said acts, Defendant Verizon has also violated Plaintiff Cuffee's rights under the Maryland Human Relations Act, codified in the Annotated Code of Maryland, Section 20-601, et seq.

**B. Second Cause of Action: Discrimination—Retaliation and Reprisal**

49. Plaintiff alleges and re-alleges paragraphs 6-45 above, as if restated fully and separately herein.

50. The effect of the Defendant's acts and practices as enumerated herein has been to intentionally deprive Plaintiff Renee Cuffee of rights secured to her by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., because Defendant, solely because of Plaintiff's protected activity, has deprived Plaintiff Cuffee of equal opportunities in the terms and conditions of Plaintiff's employment, and has intentionally deprived Plaintiff of the same opportunity for promotion and performance bonuses, as Defendant has provided to persons who have not engaged in protected EEO activity . By said acts, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended.

51. Defendant Verizon's acts of retaliation and reprisal have also violated Plaintiff Cuffee's rights the Maryland Human Relations Act, codified in the Annotated Code of Maryland, Section 20-601, et seq.

**C. Third Cause of Action: Intentional Infliction of Emotional Distress**

52. The conduct of Defendant Verizon in this matter has outrageous, and in reckless disregard for the feelings, emotional stability, legal rights, and economic well-being of Plaintiff Cuffee.

53. As a result of the acts and practices complained of herein, Plaintiff Renee L. Cuffee has suffered and is still suffering loss of income and wages, employment opportunities, promotion, loss of personal and professional esteem, and Plaintiff has suffered and is still suffering emotional pain and suffering, mental anguish and

John Davis 8/20/10 6:57 PM
**Deleted:**
12. Defendant Verizon has acted maliciously, and in violation of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended.
13

John Davis 8/20/10 6:58 PM
**Deleted:** inconvenience

John Davis 8/20/10 6:58 PM
**Deleted:** ,

John Davis 8/20/10 6:58 PM
**Deleted:** loss of enjoyment of life and other pecuniary and nonpecuniary losses

emotional distress.

54. Plaintiff Cuffee has no plain, adequate or complete remedy at law to redress the wrongs complained of herein, and unless restrained by Order of this Court, Plaintiff will continue to suffer irreparable injury as a result of the wrongs complained of herein.

John Davis 8/20/10 6:58 PM
**Deleted:** 1

55. Plaintiff has satisfied all of the administrative prerequisites to suit for this action, and on October 21, 2009, Plaintiff received a right-to-sue letter from the United States Equal Employment Opportunity Commission.

John Davis 8/20/10 6:59 PM
**Deleted:** 1

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this Honorable Court to advance this case on the docket, Order a jury trial, cause a hearing in this case to be in every way expedited, and upon such hearing to:

1. Issue a declaratory judgment that Defendant's acts and practices complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; and the Maryland Code Annotated, as amended, Section 20-601, et seq.

2. Order Defendant to make Plaintiff whole for the discrimination and retaliation Plaintiff has suffered as a result of the acts and practices as described herein, and provide appropriate reinstatement to her previous position, back pay, wages, and benefits in an amount to be shown at trial.

3. Grant Plaintiff an award of compensatory damages in an amount to be shown at trial for each of Plaintiff's Claims herein.

4. Grant to Plaintiff her attorney's fees, costs and the disbursements necessary for Plaintiff to maintain this action.

5. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law, and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance.

6. Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

__________________________
Thomas J. Gagliardo, Md. Bar #
8401 Colesville Road
Suite 315
Silver Spring, MD 20910
(301) 589-1900

John Wesley Davis,
D.C. Bar # 931600
1111 14th Street, N.W.
Suite 820
Washington, D.C. 20005
202-408-1952

Henry L. Marsh, III
VSB No. 05691
Frederick H. Marsh
VSB No. 40133
Hill, Tucker & Marsh, P.L.L.C.
422 E. Franklin Street, Suite 301
Richmond, VA, 23219-2226
(804) 648-9073
(804) 648-2116 (Facsimile)